UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REED POLLOCK, on behalf of himself and all others similarly situated,

                Plaintiff,

- against -

TORCH & CROWN BREWERY, INC., and JOHN DANTZLER,

                Defendants.

**COMPLAINT**

**ECF CASE**

**JURY TRIAL DEMANDED**

---

Plaintiff Reed Pollock (hereinafter "Pollock," or "Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Braverman Law PC, complaining of defendants Torch & Crown Brewery, Inc. ("Torch & Crown Brewery") and John Dantzler ("Dantzler" and, collectively with Torch & Crown Brewery, the "Defendants"), alleges:

NATURE OF THE ACTION

1. This action is brought to recover overtime wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and section 190 *et seq*. of the New York Labor Law ("NYLL"), on behalf of certain employees who worked for Defendants.

2. Defendants systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful

1

actions, compensation for overtime wages, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Pollock's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the brewery operated by Defendant Torch & Crown Brewery, located at 463 East 173rd Street, Bronx, NY 10457 which is in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5. At all relevant times herein, Plaintiff Pollock resided in New York City.

6. Pollock was employed by Defendants as a brewer from on or about July 4, 2018, when he began working for Defendants, until his employment was terminated on or about December 18, 2019.

**Defendants**

7. Defendant Torch & Crown Brewery is a New York corporation that owns and operates a beer production facility located at 463 East 173rd Street, Bronx, NY 10457 (the "Bronx Brewing Facility").

8. Torch & Crown Brewery produces a variety of beers (e.g., Almost Famous IPA and Rainmaker Hazy Pale Ale) at the Bronx Brewing Facility that are sold to consumers and to other breweries or their respective distributors.

9. Defendant Torch & Crown Brewery has employees engaged in commerce or in the production of goods for commerce and selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Upon information and belief, as part of his work, Pollock regularly handled basic brewing ingredients, such as malted barley, hops, yeast, bacteria, aseptic fruit, as well as packaging materials, all of which had travelled to New York from out of state.

11. Defendant Torch & Crown Brewery is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. Upon information and belief, at all relevant times, Torch & Crown Brewery has had annual gross volume of sales in excess of $500,000.00.

13. Defendant Dantzler is a person engaged in business in the City of New York, County of The Bronx who is an owner and/or manager of Torch & Crown Brewery.

14. Throughout Pollock's employment, Dantzler hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Torch & Crown Brewery. Dantzler was responsible for hiring Plaintiff Pollock, and Dantzler set Pollock's pay at Torch & Crown Brewery. Defendant Dantzler has exercised sufficient control over Torch & Crown Brewery's operations to be considered Pollock's employer under the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

15. The claims in this Complaint arising out of the FLSA are brought by Pollock on behalf of himself and similarly situated persons (i.e., brewers and other employees) who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "Brewery Employees").

16. The Brewery Employees consist of approximately 8 current and past employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages, and other wages that they had earned.

17. Brewery Employees consist of employees who, during their employment with Defendants, worked in brewing beer, overseeing the fermentation process, packaging the beer, cleaning kegs and tanks and generally cleaning the production

facility, and fell into the category of non-exempt, non-managerial employees.

18. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the Brewery Employees by engaging in a pattern, practice, and/ or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, inter alia, the following:

   a. failing to keep accurate records of hours worked by Brewery Employees as required by the FLSA and the NYLL; and

   b. failing to pay Brewery Employees overtime pay for all hours worked over forty.

19. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

20. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the Brewery Employees.

21. Brewery Employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Torch & Crown Brewery, are readily identifiable, and locatable through Torch & Crown Brewery's records. Those similarly situated employees should be notified of, and allowed to opt into, this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

**Plaintiff's job duties and hours worked**

22. Pollock was employed as a brewer at the Bronx Brewing Facility. His work activities consisted mainly of manual labor in various phases of the brewing process: wort production, or the preparation of the malty liquid before fermentation into by yeast into beer, which involves lifting grain into the mill, mashing (i.e., mixing water and grain), lautering (moving liquid from the mash to the kettle), boiling (adding hops and other material during the boiling process), and knocking out (passing heated wort through a heat exchange to place it at a specific temperature into a sanitized tank); adding hops and insertion of pre-made yeast and removal of yeast from the tank during the fermentation process; and packaging of the finished product (running the canning machine and loading pallets of beer onto a truck for delivery).

23. At all relevant times, Pollock did not meet any of the exemptions as defined in the FLSA. At all relevant times, Pollock was a non-exempt employee entitled to the protections of the FLSA as alleged in this Complaint, and incorporated herein by reference.

24. During his employment with Defendants, Plaintiff worked approximately 45 to 65 hours a week, with a very few weeks at just 40 hours a week, and a small number of weeks at more than 65 hours a week.

25. When working at the lower end of the range, Pollock's schedule would be Monday through Friday, approximately 8 a.m. to 5 p.m., without an uninterrupted

break, amounting to around 45 hours a week.

26. At the higher end, Pollock would start at between 5 and 7 a.m. and work until between 6 and 10 p.m., Monday through Friday, amounting to approximately 60 to 65 hours a week.

27. There were certain times when Pollock would work the afternoon shift, starting at between 12 and 2 p.m. and working until between 12 and 2 a.m. the next day, then starting up again at between 5 and 7 a.m.

28. Pollock also worked some weekend days, but this was infrequent.

**Defendants failed to pay overtime wages, and failed to provide paystubs or other required notices.**

29. From Pollock's start date on or around July 4, 2018, through approximately October 15, 2018, Pollock was paid a salary of $50,000.00 per year.

30. The salary increased to $55,000.00 per year from on or around October 15, 2018 until on or about September 1, 2019.

31. Plaintiff's salary increased again to $57,000.00 per year on or about September 1, 2019 through the date of Pollock's termination on December 18, 2019.

32. Pollock was paid the foregoing wage rates without regard to the number of hours he actually worked in a workweek.

33. By paying Pollock a wage rate regardless of the weekly hours worked by him, Defendants, and each of them, routinely and systematically failed to compensate

Pollock for all wages to which Pollock was entitled in that he was not paid a premium for overtime hours as required by the FLSA and NYLL.

34. The Defendants did not provide Pollock with a notice informing him of, *inter alia*, his rate of pay at the time of hiring.

35. Throughout Plaintiff's employment, Defendants failed to provide Plaintiff with accurate itemized wage statements showing the correct number of hours worked by Plaintiff at the effective regular and overtime rates of pay applicable to those hours worked.

## FIRST CLAIM
(Fair Labor Standards Act – Unpaid Overtime)

36. Plaintiff repeats and realleges all forgoing paragraphs as if set forth herein.

37. Defendants were required to pay Plaintiff Pollock and the Brewery Employees one and one-half (1.5) times their regular rate of pay for all hours worked in excess of 40 hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq*.

38. Defendants failed to pay Plaintiff Pollock and the Brewery Employees the overtime wages to which they were entitled under the FLSA.

39. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Pollock and the Brewery Employees overtime wages.

40. Due to Defendants' violations of the FLSA, Pollock and the Brewery

Employees are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
(NYLL – Unpaid Overtime)

41. Pollock repeats and realleges all forgoing paragraphs as if set forth herein.

42. Defendants are employers within the meaning of NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") regulations, and employed Plaintiff.

43. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Pollock and the Brewery Employees one and one half (1.5) times the regular rate of pay for all hours that they worked in excess of forty per workweek.

44. Defendants failed to pay Pollock and the Brewery Employees the overtime wages to which they were entitled under the NYLL.

45. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Pollock and the Brewery Employees overtime wages.

46. Due to Defendants' willful violations of the NYLL, Pollock and the Brewery Employees are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
(NYLL – Violation of § 191)

47. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

48. Under the NYLL and supporting NYDOL Regulations, Plaintiff was a "manual worker" in that more than 25% of his time was spent performing physical tasks, such as wort production, packaging beer, loading trucks, and cleaning and filling kegs.

49. Under New York Labor Law § 191, manual workers must be paid on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned.

50. However, Plaintiff was paid twice a month. He was not paid within seven days after the end of each workweek in which wages were earned as required by NYLL § 191.

51. Defendants willfully failed to pay Plaintiff as frequently as required by NYLL § 191.

52. Due to defendants' willful violations of NYLL § 191, Plaintiff is entitled to recover his liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CLAIM

(New York Labor Law – Wage Theft Prevention Act—Failure to Provide Wage Notice)

53. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

54. The NYLL and the Wage Theft Prevention Act ("WTPA") requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

55. In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff a with wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

56. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**FIFTH CLAIM**
(NYLL — Wage Theft Prevention Act — Failure to Provide Accurate Wage Statements)

57. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

58. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

59. Throughout Plaintiff's employment with Defendants, Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

60. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a. authorizing the issuance of notice at the earliest possible time to all Brewery Employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature

of the action, and explain their right to opt into this lawsuit;

b. declaring that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

c. declaring that Defendants violated the notice provisions of the NYLL and WTPA;

d. declaring that Defendants' violations of the FLSA and NYLL were willful;

e. enjoining future violations of the FLSA and NYLL by Defendants;

f. awarding Plaintiff damages for unpaid overtime wages;

g. awarding Plaintiff liquidated damages in an amount equal to two times the total amount of the overtime wages found to be due pursuant to the FLSA and the NYLL;

h. awarding Plaintiff damages for Defendants' failure to pay him timely in accordance with NYLL § 191;

i. awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

j. awarding Plaintiff pre- and post-judgment interest under the NYLL;

k. awarding Plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l. awarding such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        August 18, 2020

                          BRAVERMAN LAW PC

                          By: _____/s/_____
                                Adam Braverman
                          450 Seventh Avenue, Suite 1308
                          New York, New York 10123
                          (212) 206-8166
                          adam@bravermanlawfirm.com

                          *Attorneys for Plaintiff and the FLSA Collective*